Bomar v. Hagler.

7L 85|
9L 601|
11L 466|

D. T. BOMAR *et al.* v. W. I. HAGLER *et al.*

1. CHANCERY PLEADINGS AND PRACTICE. *Decree when final. Chancellor has no power to set aside decree at former term.* After the cause is regularly at issue and a decree rendered on the merits in favor of the complainant, the chancellor has no power at a subsequent term, upon the mere petition of one of the defendants, to set aside his former decree, and dismiss the bill upon a demurrer.

2. SAME. *Appeal. Effect of.* But an appeal from such a decree brings up the whole case, and it will not be remanded without correcting the error committed by the chancellor in favor of the complainant.

3. SAME. *Limitation. Code, secs.* 2281, 2786. To a bill to sell land to pay debts, under the act of 1827, the heir may rely upon the statute of seven years, Code, secs. 2281, 2786, although not specially pleaded.

FROM HENRY.

Appeal from the Chancery Court at Paris. JOHN SOMERS, Ch.

J. N. THOMASON for complainants.

W. L. CARTER, Jr. and W. M. JANES for defendants.

McFARLAND, J., delivered the opinion of the court.

This is a bill by creditors of F. B. Hagler, deceased, against his administratrix and heirs, for the purpose of selling lands for the payment of debts. The heirs answered, denying the exhaustion of the personal estate and averring payment of the debts. An account of the debts was taken, and a decree rendered for the sale of the land, the sale made and reported. At this stage of the proceeding, one of the heirs (Mrs. Dinwiddie), a married woman, presented a petition by a next friend, showing that she was an infant as well as *feme covert,* and that the defense made in her name was without her knowledge or consent, and praying that the former decree be set aside, and that she be allowed to defend by a guardian *ad litem.* The prayer of the petition was granted, the former decree suspended and leave given to Mrs.

Dinwiddie to defend. A demurrer was thereupon filed in her behalf, relying upon the statute of limitations of seven years, 1819 and 1715. Upon consideration of the demurrer the chancellor held it well taken, and dismissed the entire bill. The complainants have appealed.

We are of opinion that his Honor had no power in this mode to reverse or set aside decrees rendered by him at former terms, in effect adjudging all the material matters in litigation between the parties. As to the defendants, other than Mrs. Dinwiddie, this seems manifest, as they had not even asked to have the decree set aside; and we are also of opinion that the court was not authorized to vacate the former decree, even as to Mrs. Dinwiddie, upon a mere unsupported petition: *Meek* v. *Mathis,* 4 Heis., 534. We are of opinion, however, that the appeal brings up the entire case, and as other errors appear in the proceeding it is proper to correct them now, without the necessity of another appeal by the defendants for the purpose.

The chancellor erred in adjudging that the personal assets had been exhausted. The answer shows that the administratrix, in collecting a large debt due the estate, had caused a tract of land of the debtor to be sold, and had purchased it in and still held it, and that it was of value sufficient to pay all the remaining debts. The land thus held by the administratrix would constitute assets for the payment of debts, and the chancellor should have ordered an account and report upon this subject. He, however, in his decree

adjudges that the personal estate was exhausted, and ordered an account only of the debts, and in this we think he was in error.

The question whether the complainants are barred by the statute of limitations, Code, secs. 2281 and 2786, is not so presented as to be now definitely decided. It does clearly appear that the bill was filed more than seven years after the death of the intestate and more than seven years after the 1st of January, 1867, to which time the running of the statute was suspended; and we are further of opinion that the former cause referred to in the present bill and copied into the transcript, is no aid to the complainants. That was a bill filed by the administratrix for the purpose of selling lands for the payment of debts, and in which complainants' debts and others are specified, and under which lands were sold and a fund raised which it was then thought would be sufficient to supply the deficiency of the personal assets; but the present complainants were not parties to that cause, and the same finally terminated in 1872, three years before the present bill was filed. The present is a new and independent bill to sell other lands, and is not a bill to carry into effect the decrees in the former case— no decrees remain unexecuted. The present bill, however, alleges that complainants have judgments on their several claims on file in the former case, but the dates are not given, nor are the dates given in the answer or in the report of the master filed in the present case, nor was any question or direct issue made on this point in the court below.

We see from the report of the master filed in the former case, the dates of the several judgments specified, and from this it appears that the judgments of the complainants, except one (Langford, adm'r,) were all obtained more than seven years before this bill was filed. Richardson also filed a petition to come in as co-complainant, and his judgment was within seven years. If such be the facts, the complainants, except the two (S. M. Langford, adm'r, and Matthew Richardson), were all barred: See *Wooldridge* v. *Page*, and *Mills* v. *Mills*, 1 Lea. And this, notwithstanding the defendants failed to plead the statute or rely upon it in their answer. The rule is, that a statute which *bars the remedy only* must be pleaded, but a statute which *cuts off the right* need not be pleaded, but may be relied upon as a protection if the facts appear; as, for instance, the statute which gives a title to personal property (*Kegler* v. *Miles*, M. & Y., 426), or a title to land: Act of 1819.

The reason is, that a statute which merely bars the remedy may be answered by a new promise, or something that will take the case out of the statute (*Allen* v. *Word*, 6 Hum., 284), and therefore must be pleaded, in order to give the opportunity to reply. But a statute which cuts off the right or vests the title absolutely in the defendant and to which there is no answer, need not be pleaded, for it cannot be answered. It is not a mere personal privilege which may be waived, but goes to the title and right of property. The act of 1715, Code, secs. 2281 and 2786, now in question, has been classed as a statute falling

under the latter head: *Crutcher* v. *The State*, 2 Swan, 504. In this view, its effect would be to perfect the title of the heir to the land—giving it to him free from all claim of the creditor, and it would be in its effect analogous to the act of 1819.

In this view, the defendants would be protected against the demands of all the creditors, except those whose judgments were obtained within seven years next before the filing of the bill, but as the date of the judgments were not directly in issue below, a final decree will not now be rendered.

The several decrees of the chancellor will be reversed and the cause remanded, and an account taken of the personal assets, as above indicated, and the debts, and the question as to the dates of the several judgments may then be inquired into directly, and the defendants will have leave to rely upon the statutes referred to.

The costs of this court will be paid one-half by the complainants and the other by the defendants.